## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | |
|---|---|
| CAMP BOW WOW FRANCHISING, INC.<br>7577 W. 103rd. Ave., Suite 209<br>Westminster, Colorado 80021 | Case No. 1:20-cv-00993<br><br>(JUDGE _____) |
| Plaintiff, | |
| -vs- | |
| SHEAR PAWFECTION, LLC<br>892 State Route 28<br>Milford, Ohio 45150 | |
| and | **COMPLAINT OF PLAINTIFF CAMP BOW WOW FRANCHISING, INC.** |
| 4032 LINDEN AVENUE, LLC<br>460 N. Springboro Pike<br>West Carrollton, Ohio 45449 | **JURY TRIAL DEMANDED** |
| and | |
| CENTERVILLE SHOPPING CENTER, LLC<br>460 N. Springboro Pike<br>West Carrollton, Ohio 45449 | |
| Defendants. | |

Plaintiff Camp Bow Wow Franchising, Inc. ("Camp Bow Wow" or "Plaintiff"), for its Complaint against Defendants Shear Pawfection, LLC ("Shear Pawfection"), 4032 Linden Avenue, LLC ("Linden Avenue"), and Centerville Shopping Center, LLC ("Centerville Shopping Center") (collectively referred to as "Defendants"), hereby states as follows:

## PARTIES

1.      Camp Bow Wow® is a Delaware corporation with its principal place of business located at 7577 W. 103rd. Ave., Suite 209, Westminster, Colorado 80021.

2.      Upon information and belief, Shear Pawfection is an Ohio limited liability company with its principal place of business at 892 State Route 28, Milford, Ohio 45150.

3.      Upon information and belief, Linden Avenue is an Ohio limited liability company with its principal place of business at 460 N. Springboro Pike, West Carrollton, Ohio 45449.

4.      Upon information and belief, Centerville Shopping Center is a Delaware limited liability company with its principal place of business at 460 N. Springboro Pike, West Carrollton, Ohio 45449.

## JURISDICTION AND VENUE

5.      This Court has subject matter jurisdiction over this action pursuant to 15 U.S.C. § 1121, 28 U.S.C. §§ 1331, and 1338 (a) and (b), because this action arises under the Lanham Act, 15 U.S.C. § 1125 and the Patent Laws of the United States, 35, U.S.C. § 271 *et seq*.  Additionally, this Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367(a).

6.      This Court has personal jurisdiction over Defendants because they conduct business in the Southern District of Ohio; upon information and belief the Defendants are all domiciled in the state of Ohio; and the acts giving rise to this action, including Defendants' infringement of Plaintiff's trade dress and patents, occurred in the Southern District of Ohio.  Upon information and belief, Defendants have regularly solicited business or derived substantial revenue from services promoted, advertised, and/or sold within this District and expect their actions to have consequences in this District.

2

7. Furthermore, venue is appropriate in this Court in accordance with 28 U.S.C. § 1391(b) and (c) and 1400(b) because all of the Defendants are domiciled in the state of Ohio and at least one of the Defendants resides in the judicial district. Moreover, the acts giving rise to this action, including Defendants' infringement of Plaintiff's trade dress and patents, occurred within this District.

## NATURE OF THE ACTION

8. This is an action for direct and contributory trade dress infringement and unfair competition under the Trademark Act of 1946 (the "Lanham Act"), as amended, 15 U.S.C. § 1125(a); patent infringement under the Patent Laws of the United States, 35, U.S.C. §271 *et seq*; deceptive trade practices under the Ohio Deceptive Trade Practices Act, Ohio Revised Code § 4165.02; and the common law of trade dress and unfair competition.

## FACTS COMMON TO ALL CAUSES OF ACTION
### CAMP BOW WOW®

9. Camp Bow Wow® is a well-known provider of dog day care, boarding, training, grooming, walking, and related services, including in home pet care, and is the franchisor of the Camp Bow Wow franchise network, the largest pet care franchise in North America.

10. Camp Bow Wow and its franchisees currently operate more than 180 locations within the United States and Canada, and serve over 230,000 customers each year, including over 4.7 million annual dog visits. In the more than twenty (20) years since the Camp Bow Wow network began, millions of customers in forty (40) different states have been served in one of Camp Bow Wow's locations.

3

11.     Camp Bow Wow has expended a great deal of time and money seeking federal protection of its intellectual property including, but not limited to, its trademarks, patents, and its unique and distinctive trade dress that is utilized in almost all of its locations throughout the United States.

12.     The elements of Camp Bow Wow's unique and distinctive trade dress include: the interior design of a lobby with a rustic, western inspired camping theme, including but not limited to brown knotty pine siding and brown knotty pine trim, with vertical brown pine log posts, an artificial fireplace featuring horizontal brown knotty pine boards and mantle, three red pendulum lights, wood-like flooring, and sage green walls; which have been registered with the United States Patent and Trademark Office ("USPTO") under U.S. Trademark Registration No. 4566177, pictured below (the "CBW Trade Dress").



13.     Camp Bow Wow is the owner of the entire right, title, and interest in and to U.S. Registration No. 4566177 for the CBW Trade Dress, registered with the USPTO on July 15, 2014 for "Dog care services, namely, providing temporary accommodations for dogs, daycare services and dog kennels; pet boarding services; pet day care services" in International Class 43. A true copy of the registration certificate is attached hereto as

**Exhibit A**. This registration is valid, subsisting, and incontestable (hereinafter referred to as the "CBW Trade Dress Registration").

14. Besides the CBW Trade Dress, Camp Bow Wow also utilizes unique, proprietary and distinctive cabin doors for its kennels throughout the United States, which are all emblazoned with Camp Bow Wow's federally registered trademark featuring the image of a dog in a log cabin-themed dog house (U.S. Reg. No. 4,467,207). The kennel cabin doors are unique custom designs that are proprietary to Camp Bow Wow and must be specially made. A representative example of Camp Bow Wow's proprietary kennel cabin doors bearing Camp Bow Wow's federally registered log cabin-themed dog house logo pictured below (the "CBW Cabin Doors").



15. Camp Bow Wow is the owner, by virtue of assignment, of the entire right, title, and interest in and to United States Design Patent No. D735,954 (the "'954 Patent"), issued on August 4, 2015, and entitled "Kennel Gate." A true copy of the '954 Patent is attached hereto as **Exhibit B**.

16.     Camp Bow Wow is also the owner, by virtue of assignment, of the entire right, title, and interest in and to United States Design Patent No. D703,391 (the "'391 Patent"), issued on April, 22, 2014, and entitled "Header for a Kennel Gate." A true copy of the '391 Patent is attached hereto as **Exhibit C** (the '954 Patent and '391 Patent are hereinafter collectively referred to as the "CBW Cabin Doors Design Patents").

17.     The custom design elements of the CBW Cabin Doors as shown in the CBW Cabin Doors Design Patents, namely, the unique placement and length of the vertical line openings, combined with the placement of Camp Bow Wow's log cabin-themed dog house trademark, and the overlay of pine trees above the kennel cabin doors, imbue the CBW Cabin Doors with the same rustic, camping theme that is seen throughout all of Camp Bow Wow's locations in the United States, and in the CBW Trade Dress. These custom design elements do not assist in the functioning of the kennel cabin doors, instead, these elements were intentionally designed to incorporate Camp Bow Wow's distinctive camping theme. Nor does Camp Bow Wow's exclusive use of the CBW Cabin Doors place other competitors at a disadvantage, because there are a variety of other non-infringing kennel cabin doors available on the market.

18.     As a result of the extensive sales, advertising, and promotion of services identified in the CBW Trade Dress Registration, the public has come to know and recognize the CBW Trade Dress and CBW Cabin Doors and associate them exclusively with the services offered by Camp Bow Wow and its franchisees. The CBW Trade Dress and CBW Cabin Doors are among the best and mostly widely known trade dress utilized in the pet care industry today, and are valuable assets to Camp Bow Wow, representing Camp Bow Wow's considerable goodwill and favorable reputation.

**DEFENDANTS AND THE MILFORD PROPERTY LEASE ADDENDUM**

19. Upon information and belief, Defendant Shear Pawfection is engaged in the business of animal grooming, and provides animal daycare and boarding services, among other services on the property located at 892 State Route 28, Milford, Ohio 45150 (the "Milford Property").

20. Upon information and belief, Defendant Linden Avenue is engaged in the business of commercial real estate, and co-owns the Milford Property.

21. Upon information and belief, Defendant Centerville Shopping Center is engaged in the business of commercial real estate, and co-owns the Milford Property.

22. Upon information and belief, Defendants Linden Avenue and Centerville Shopping Center entered into a lease agreement with JMC2018, LLC, a Camp Bow Wow franchisee (the "Prior Tenant"), pertaining to the Milford Property dated August 10, 2018 (the "Prior Lease"). A true copy of the Prior Lease is attached hereto as **Exhibit D**.

23. Effective August 18, 2018, Defendants Linden Avenue and Centerville Shopping Center, Camp Bow Wow, and the Prior Tenant modified the Prior Lease by execution of an Addendum (the "Addendum to Prior Lease"), to provide certain rights to Camp Bow Wow as franchisor to the Prior Tenant. A true copy of the Addendum to Prior Lease is attached hereto as **Exhibit E**.

24. Section 10 of the Addendum to Prior Lease provides that in the event of expiration, cancellation or termination of the Prior Lease or Prior Tenant's franchise agreement, Camp Bow Wow, shall, upon providing written notice of its intent within thirty (30) days, have the right to enter and "de-identify" the Milford Property. *See* Exhibit E, Section 10.

7

25.     In particular, Section 10 of the Addendum to Prior Lease provides that Camp Bow Wow shall have the right to remove all of its intellectual property, or any material bearing its intellectual property from the Milford Property, including but not limited to trademarks, trade dress, patents or copyrighted materials, or any equipment or materials bearing such intellectual property. *See* Exhibit E, Section 10.

26.     Section 10 of the Addendum to Prior Lease explicitly states that Camp Bow Wow's rights under Section 10 are material, and, if violated, will subject Camp Bow Wow to irreparable, continuing injury. *See* Exhibit E, Section 10.

27.     The Addendum to Prior Lease does not provide any rights that grant Defendants authority to retain any equipment or material bearing Camp Bow Wow's intellectual property.

28.     Additionally, Schedule 1 of the Addendum to Prior Lease further specifies the de-identification steps that Camp Bow Wow is allowed to perform to the Milford Property, including: (1) remove all log trim from the Milford Property, including log trim around the front door, desk, data poles, all log trim on and around the lobby, the border of dry erase boards, log shelves, and gates; (2) remove equipment, décor, and supplies, including the log fireplace and furniture; (3) repaint the entire lobby in a color that is distinctively different from sage green; (4) replace the flooring; (5) significantly alter the front desk layout so that it looks nothing like Camp Bow Wow's protected trade dress; (6) significantly alter the back warehouse area to remove the quadrant approach and dividers; and (7) remove Camp Bow Wow specific equipment and supplies, including the cabins. *See* Exhibit E, Schedule 1.

29.     On November 7, 2019, Camp Bow Wow terminated its franchise agreement with Prior Tenant.

8

30.     On November 11, 2019, four days after Camp Bow Wow's termination of Prior Tenant's franchise agreement, Camp Bow Wow sent written notice to Defendants Linden Avenue and Centerville Shopping Center of its intent to enter and de-identify the Milford Property. A true copy of Camp Bow Wow's written notice to Defendants is attached hereto as **Exhibit F**.

31.     Upon information and belief, the intellectual property that Camp Bow Wow was entitled to remove under Schedule 1 was subject to a lien from Prior Tenant's bank (the "Lien"), and could not be timely removed by Camp Bow Wow.

32.     From November 11, 2019 to June 17, 2020, Camp Bow Wow repeatedly asserted in writing to Defendants Linden Avenue and Centerville Shopping Center of its intent to de-identify the Milford Property and to retain all materials bearing Camp Bow Wow's intellectual property, as provided under Schedule 1 of the Addendum to Prior Lease. *See* Exhibit E, Schedule 1.

33.     During this period, Camp Bow Wow also repeatedly gave notice to Defendants of Camp Bow Wow's intellectual property rights, in particular, of its rights to the federally registered CBW Trade Dress and the proprietary CBW Cabin Doors. True copies of the written correspondence between Plaintiff and Defendants during this period are collectively attached hereto as **Exhibit G**.

## DEFENDANTS' USE OF CAMP BOW WOW'S GOODWILL

34.     Upon information and belief, after the Lien was lifted from Prior Tenant's bank, Defendants Linden Avenue and Centerville Shopping Center purchased all of the assets that were subject to the Schedule 1 de-identification, notwithstanding Camp Bow Wow's clear, communicated intent to retain the assets and its repeated attempts to purchase the assets from Prior Tenant's bank itself.

35.     Upon information and belief, Defendants Linden Avenue and Centerville Shopping Center subsequently leased the Milford Property, including materials bearing Camp Bow Wow's intellectual property, to Shear Pawfection, a direct competitor of Camp Bow Wow who offers identical services to those offered by Prior Tent and Camp Bow Wow.

36.     Upon information and belief, prior to leasing the Milford Property, Shear Pawfection provided substantively the same competitive services at a location in Maineville, Ohio, 6734 State Route 48, Maineville, Ohio 45039.

37.     Upon information and belief, Defendants Linden Avenue and Centerville Shopping Center knew of Shear Pawfection's business and services in Maineville, and of Shear Pawfection's intent to continue offering the same services on the Milford Property.

38.     Upon information and belief, Shear Pawfection leased the Milford Property specifically to expand the services it was already offering, because the Milford Property had more square footage and much of the equipment it needed was already on the property.

39.     Upon information and belief, Defendants Linden Avenue and Centerville Shopping Center purchased all of the assets that were subject to the Schedule 1 de-identification with a specific purpose to lease the Milford Property to a new entity offering competitive services to Camp Bow Wow.

### CAMP BOW WOW'S ATTEMPTS TO RESOLVE THE DISPUTE

40.     On August 14, 2020, counsel for Camp Bow Wow hand delivered a cease and desist letter to Shear Pawfection, notifying Shear Pawfection of its intellectual property rights, particularly the CBW Trade Dress and CBW Cabin Doors, and demanding that Shear Pawfection remove all use of Camp Bow Wow trademarks from the Milford

Property, and remove or change all elements of the protected CBW Trade Dress. A true copy of the August 14, 2020 letter to Shear Pawfection is attached hereto as **Exhibit H**.

41. On August 14, 2020, counsel for Shear Pawfection replied to Camp Bow Wow's letter by phone, and indicated that Shear Pawfection was in the process of making the changes requested in the letter.

42. Between August 14, 2020 and October 6, 2020 counsel for Camp Bow Wow and Shear Pawfection spoke numerous times by phone and email regarding the changes requested in Camp Bow Wow's August 14, 2020 letter. At all times during this period, Camp Bow Wow was led to believe that progress was being made to de-identify the Milford Property. Further, counsel for Shear Pawfection continued to represent to Camp Bow Wow that Shear Pawfection was working in collaboration with Defendants Linden Avenue and Centerville Shopping Center to de-identify the Milford Property as requested in Camp Bow Wow's August 14, 2020 letter. True copies of the written correspondence between Plaintiff and Defendants during this period are attached hereto as **Exhibits I-K**.

## DEFENDANTS' CONTINUED INFRINGEMENT AND FAILURE TO REMEDY

43. On October 6, 2020, counsel for Defendants Linden Avenue and Centerville Shopping Center, jointly with counsel for Defendant Shear Pawfection, sent a letter to Camp Bow Wow indicating that because Defendants Linden Avenue and Centerville Shopping Center purchased all of the assets that were subject to the Schedule 1 de-identification from Prior Tenant's bank, Camp Bow Wow no longer had any rights to the assets, including the elements of the protected CBW Trade Dress and proprietary CBW Cabin Doors, and Defendants "owe absolutely no obligation" to Camp Bow Wow to de-

identify the Milford Property, notwithstanding Camp Bow Wow's intellectual property rights. A true copy of the October 6, 2020 letter is attached hereto as **Exhibit L**.

44.     Despite Defendants Linden Avenue and Centerville Shopping Center's position that they had no obligation to de-identify the property, Defendants nonetheless agreed in the October 6, 2020 letter to remove or cover "any publicly viewable Camp Bow Wow identification and décor in the lobby [of the Milford Property], including but not limited to the lighting, flooring, wall paint, bench, poles, and fireplace," which is an implicit acknowledgement of Camp Bow Wow's rights in the CBW Trade Dress *See* Exhibit L.

45.     Upon information and belief, on October 10, 2020, Shear Pawfection held a grand opening event for its business at the Milford Property, including public tours of the Milford Property to the public. Upon information and belief, counter to representations made to Camp Bow Wow by counsel for Shear Pawfection, as of the grand opening event Shear Pawfection had not made any significant modifications to remove or conceal materials bearing Camp Bow Wow's intellectual property, particularly the CBW Trade Dress and CBW Cabin Doors in the Milford Property.

46.     On October 24, 2020, Camp Bow Wow engaged a private investigator to conduct a thorough onsite investigation of the Milford Property to determine whether Shear Pawfection was still using the CBW Trade Dress and CBW Cabin Doors at the Milford Property (the "Investigative Report"). A true copy of the Investigative Report is attached hereto as **Exhibit M**.

47.     Based upon Camp Bow Wow's reasonable and thorough investigation as detailed in the Investigative Report, Camp Bow Wow discovered that, counter to the representations made by counsel for Shear Pawfection, Shear Pawfection had not made

any changes to remove or conceal the elements of the CBW Trade Dress, and that Shear Pawfection has continued using the CBW Trade Dress and CBW Cabin Doors in substantially the exact from as Camp Bow Wow for the same or similar services as Camp Bow Wow. Photographs showing Shear Pawfection's use of the CBW Trade Dress and CBW Cabin Doors on the Milford Property appear below:



|  |  |
|:---:|:---:|
| **Milford Property** | **CBW Cabin Doors** |

48.     Camp Bow Wow has not consented to the use of the CBW Trade Dress or CBW Cabin Doors by Defendants.

49.     Shear Pawfection is using the CBW Trade Dress and CBW Cabin Doors to offer services that are competitive to Camp Bow Wow and its franchisees.

50.     Upon information and belief, Defendants Linden Avenue and Centerville Shopping Center knew that Shear Pawfection intended to use the CBW Trade Dress and CBW Cabin Doors to offer services that are competitive to Camp Bow Wow and its franchisees.

51.     Upon information and belief, Defendants know they are in possession of and are using Camp Bow Wow's valuable intellectual property, particularly the CBW Trade Dress and CBW Cabin Doors.

52.     With knowledge of Camp Bow Wow's rights in the CBW Cabin Doors, Defendants could have developed new cabin doors to fit the existing cabins that did not utilize the same distinctive design used and owned by Camp Bow Wow.

53.     Instead, Defendants chose to continue using the CBW Cabin Doors in a manner that infringes the CBW Cabin Doors Design Patents. A side by side comparison

of the CBW Cabin Doors Design Patents and the cabin doors utilized by Defendants on the Milford Property is shown below:



| Milford Property | '954 Patent |

54.     Defendants Linden Avenue and Centerville Shopping Center knew, prior to leasing the Milford Property to Shear Pawfection, that the CBW Trade Dress was federally protected, and that use of the protected CBW Trade Dress and proprietary CBW Cabin Doors by a third party would directly infringe Camp Bow Wow's intellectual property rights.

15

55.     Upon information and belief, Defendants have knowledge of CBW Trade Dress Registration, and the infringement has been and continues to be willful and intentional, making this an exceptional case under 35 U.S.C. § 285 and entitling Camp Bow Wow to treble damages under 35 U.S. C. § 284.

56.     Upon information and belief, Defendants know of the custom and proprietary nature of the CBW Cabin Doors, and the infringement has been and continues to be willful and intentional, making this an exceptional case under 35 U.S.C. § 285 and entitling Camp Bow Wow to treble damages under 35 U.S. C. § 284.

## FIRST CAUSE OF ACTION
### FEDERAL TRADE DRESS INFRINGEMENT OF THE CBW TRADE DRESS (15 U.S.C. § 1125) AGAINST SHEAR PAWFECTION

57.     The allegations in the foregoing paragraphs are hereby incorporated by reference.

58.     Camp Bow Wow owns all registered and common law rights in the CBW Trade Dress.  Under 15 U.S.C. § 1115, Camp Bow Wow's registration of its trade dress on the principal register is *prima facie* evidence of its validity and of Camp Bow Wow's exclusive right to use the CBW Trade Dress in commerce.

59.     Shear Pawfection's use in commerce of Camp Bow Wow's CBW Trade Dress for services that are directly competitive with and identical to the services offered by Camp Bow Wow and its franchisees, and without Camp Bow Wow's consent, is likely to confuse or deceive the public into believing, contrary to fact, that the unauthorized activities of Shear Pawfection are licensed, franchised, sponsored, authorized, or otherwise approved by Camp Bow Wow. Such unauthorized use of the CBW Trade Dress infringes the exclusive rights held by Camp Bow Wow under Section 43 of the Lanham Act, 15 U.S.C. § 1125(a).

16

60. Upon information and belief, the acts of Shear Pawfection were and are being done knowingly and intentionally to cause confusion, or to cause mistake, or to deceive.

61. Shear Pawfection's conduct has caused, and will continue to cause, Camp Bow Wow and its franchisees to suffer severe, immediate, and irreparable injury for which Camp Bow Wow has no adequate remedy at law unless Shear Pawfection is enjoined pursuant to 15 U.S.C. § 1116.

62. As a result of Shear Pawfection's willful, deliberate and malicious activities and conduct, Camp Bow Wow has been harmed and continues to be harmed. Accordingly, Camp Bow Wow is entitled to recover its damages and/or Shear Pawfection's profits received as a result of those activities and conduct, treble damages, and the costs of this action pursuant to 15 U.S.C. § 1117(a).

**SECOND CAUSE OF ACTION**
**FEDERAL TRADE DRESS INFRINGEMENT OF THE CBW CABIN DOORS (15 U.S.C. § 1125) AGAINST SHEAR PAWFECTION**

63. The allegations in the foregoing paragraphs are hereby incorporated by reference.

64. Camp Bow Wow owns all common law rights to the custom and proprietary CBW Cabin Doors. The CBW Cabin Doors are primarily non-functional and are inherently distinctive. Further, the CBW Cabin Doors have also acquired distinctness as a result of Camp Bow Wow's extensive use of the CBW Cabin Doors throughout the United States.

65. Shear Pawfection's use in commerce of Camp Bow Wow's CBW Cabin Doors for services that are directly competitive with and identical to the services offered by Camp Bow Wow and its franchisees, and without Camp Bow Wow's consent, is likely to

confuse or deceive the public into believing, contrary to fact, that the unauthorized activities of Shear Pawfection are licensed, franchised, sponsored, authorized, or otherwise approved by Camp Bow Wow. Such unauthorized use of the CBW Cabin Doors infringes the exclusive rights held by Camp Bow Wow under Section 43 of the Lanham Act, 15 U.S.C. § 1125(a).

66.     Upon information and belief, the acts of Shear Pawfection were and are being done knowingly and intentionally to cause confusion, or to cause mistake, or to deceive.

67.     Shear Pawfection's conduct has caused, and will continue to cause, Camp Bow Wow and its franchisees to suffer severe, immediate, and irreparable injury for which Camp Bow Wow has no adequate remedy at law unless Shear Pawfection is enjoined pursuant to 15 U.S.C. § 1116.

68.     As a result of Shear Pawfection's willful, deliberate and malicious activities and conduct, Camp Bow Wow has been harmed and continues to be harmed. Accordingly, Camp Bow Wow is entitled to recover its damages and/or Shear Pawfection's profits received as a result of those activities and conduct, treble damages, and the costs of this action pursuant to 15 U.S.C. § 1117(a).

### THIRD CAUSE OF ACTION
### PATENT INFRINGEMENT OF THE CBW CABIN DOORS DESIGN PATENTS (35 U.S.C. § 271) AGAINST SHEAR PAWFECTION

69.     The allegations in the foregoing paragraphs are hereby incorporated by reference.

70.     Camp Bow Wow is the owner of the CBW Cabin Doors Design Patents, which are valid and enforceable.

18

71.     Shear Pawfection has infringed and continues to infringe the CBW Cabin Doors Design Patents by using doors that incorporate the exact Kennel Gate and Header for a Kennel Gate shown in the CBW Cabin Doors Design Patents in violation of 35 U.S.C. § 271, for services that are directly competitive with and identical to the services offered by Camp Bow Wow and its franchisees.

72.     Shear Pawfection's actions as alleged herein have caused, and will continue to cause, irreparable harm to Camp Bow Wow unless enjoined pursuant to 35 U.S.C. § 283.

73.     Shear Pawfection has profited from its infringement of the CBW Cabin Doors Design Patents and will continue to profit from it. Shear Pawfection's actions are causing and will continue to cause Camp Bow Wow monetary damage in amounts presently unknown but to be determined at trial.

**FOURTH CAUSE OF ACTION**
**CONTRIBUTORY INFRINGEMENT OF THE CBW TRADE DRESS (15 U.S.C. § 1125)**
**AGAINST LINDEN AVENUE AND CENTERVILLE SHOPPING CENTER**

74.     The allegations in the foregoing paragraphs are hereby incorporated by reference.

75.     Upon information and belief, Defendants Linden Avenue and Centerville Shopping Center are acting in concert with Shear Pawfection.

76.     Upon information and belief, Defendants Linden Avenue and Centerville Shopping Center induced the infringement by Shear Pawfection by leasing the Milford Property to Shear Pawfection without making any substantial modifications to remove or conceal the CBW Trade Dress, and failing to take any remedial measures to stop the infringement by Shear Pawfection despite the repeated assertions by Camp Bow Wow of its intellectual property rights in the CBW Trade Dress.

19

77.    Defendants Linden Avenue and Centerville Shopping Center were contractually obligated pursuant to the Addendum to Prior Lease to either allow Camp Bow Wow to de-identify the Milford Property or dispose of the property bearing Camp Bow Wow's intellectual property. Moreover, Defendants specifically agreed in their October 6, 2020 letter to conceal or remove "any publicly viewable Camp Bow Wow identification and décor in the lobby [of the Milford Property], including but not limited to the lighting, flooring, wall paint, bench, poles, and fireplace," which is an implicit acknowledgement of Camp Bow Wow's intellectual property rights in the CBW Trade Dress.

78.    Upon information and belief, Defendants' acts were and are being done intentionally, with knowledge of Camp Bow Wow's intellectual property rights in the CBW Trade Dress.

79.    Defendants Linden Avenue and Centerville Shopping Center's conduct infringes the exclusive rights held by Camp Bow Wow under Section 43 of the Lanham Act, 15 U.S.C. § 1125(a).

80.    Defendants Linden Avenue and Centerville Shopping Center's conduct has caused, and will continue to cause, Camp Bow Wow and its franchisees to suffer severe, immediate, and irreparable injury for which Camp Bow Wow has no adequate remedy at law unless Defendants are enjoined pursuant to 15 U.S.C. § 1116.

81.    As a result of Defendants' willful, deliberate and malicious activities and conduct, Camp Bow Wow has been harmed and continues to be harmed. Accordingly, Camp Bow Wow is entitled to recover its damages and/or Defendants' profits received as a result of those activities and conduct, treble damages, and the costs of this action pursuant to 15 U.S.C. § 1117(a).

## FIFTH CAUSE OF ACTION
### CONTRIBUTORY INFRINGEMENT OF THE CBW CABIN DOORS (15 U.S.C. § 1125) AGAINST LINDEN AVENUE AND CENTERVILLE SHOPPING CENTER

82. The allegations in the foregoing paragraphs are hereby incorporated by reference.

83. Upon information and belief, Defendants Linden Avenue and Centerville Shopping Center are acting in concert with Shear Pawfection.

84. Upon information and belief, Defendants Linden Avenue and Centerville Shopping Center induced the infringement by Shear Pawfection by leasing the Milford Property to Shear Pawfection without making any substantial modifications to remove or conceal the CBW Cabin Doors, and failing to take any remedial measures to stop the infringement by Shear Pawfection despite the repeated assertions by Camp Bow Wow of its intellectual property rights in the CBW Cabin Doors.

85. Defendants Linden Avenue and Centerville Shopping Center were contractually obligated pursuant to the Addendum to Prior Lease to either allow Camp Bow Wow to de-identify the Milford Property or dispose of the property bearing Camp Bow Wow's intellectual property. Moreover, Defendants specifically agreed in their October 6, 2020 letter to conceal or remove "any publicly viewable Camp Bow Wow identification and décor in the lobby [of the Milford Property], including but not limited to the lighting, flooring, wall paint, bench, poles, and fireplace," which is an implicit acknowledgement of Camp Bow Wow's intellectual property rights in the CBW Cabin Doors.

86. Upon information and belief, Defendants' acts were and are being done intentionally, with knowledge of Camp Bow Wow's intellectual property rights in the CBW Cabin Doors.

87.     Defendants Linden Avenue and Centerville Shopping Center's conduct infringes the exclusive rights held by Camp Bow Wow under Section 43 of the Lanham Act, 15 U.S.C. § 1125(a).

88.     Defendants Linden Avenue and Centerville Shopping Center's conduct has caused, and will continue to cause, Camp Bow Wow and its franchisees to suffer severe, immediate, and irreparable injury for which Camp Bow Wow has no adequate remedy at law unless Defendants are enjoined pursuant to 15 U.S.C. § 1116.

89.     As a result of Defendants' willful, deliberate and malicious activities and conduct, Camp Bow Wow has been harmed and continues to be harmed.  Accordingly, Camp Bow Wow is entitled to recover its damages and/or Defendants' profits received as a result of those activities and conduct, treble damages, and the costs of this action pursuant to 15 U.S.C. § 1117(a).

## SIXTH CAUSE OF ACTION
### VIOLATION OF THE OHIO DECEPTIVE TRADE PRACTICES ACT FOR THE CBW TRADE DRESS AGAINST SHEER PAWFECTION

90.     The allegations the foregoing paragraphs are hereby incorporated by reference.

91.     Camp Bow Wow owns all registered and common law rights in the CBW Trade Dress.   Under 15 U.S.C. § 1115, Camp Bow Wow's registration of its trade dress on the principal register is *prima facie* evidence of its validity and of Camp Bow Wow's exclusive right to use the CBW Trade Dress in commerce.

92.     The CBW Trade Dress is within the definition of a "Mark" under Ohio Revised Code § 4165.02(C), which includes "a combination of a word, name, symbol, or device in any form or arrangement."

93.     Shear Pawfection's use in commerce of Camp Bow Wow's CBW Trade Dress for services that are directly competitive with and identical to the services offered by Camp Bow Wow and its franchisees, and without Camp Bow Wow's consent, is likely to confuse or deceive the public into believing, contrary to fact, that the unauthorized activities of Shear Pawfection are licensed, franchised, sponsored, authorized, or otherwise approved by Camp Bow Wow. Such unauthorized use of the CBW Trade Dress violates the Ohio Deceptive Trade Practices Act, Ohio Revised Code § 4165.02.

94.     Upon information and belief, the acts of Shear Pawfection were and are being done knowingly and intentionally to cause confusion, or to cause mistake, or to deceive.

95.     Shear Pawfection's conduct has caused, and will continue to cause, Camp Bow Wow and its franchisees to suffer severe, immediate, and irreparable injury for which Camp Bow Wow has no adequate remedy at law unless Shear Pawfection is enjoined pursuant to Ohio Revised Code § 4165.03(A)(1).

96.     As a result of Shear Pawfection's willful, deliberate and malicious activities and conduct, Camp Bow Wow has been harmed and continues to be harmed. Accordingly, Camp Bow Wow is entitled to recover its actual damages pursuant to Ohio Revised Code § 4165.03(A)(2).

## SEVENTH CAUSE OF ACTION
### VIOLATION OF THE OHIO DECEPTIVE TRADE PRACTICES ACT FOR THE CBW CABIN DOORS AGAINST SHEER PAWFECTION

97.     The allegations the foregoing paragraphs are hereby incorporated by reference.

98.     Camp Bow Wow owns all common law rights to the custom and proprietary CBW Cabin Doors.

23

99.     The CBW Cabin Doors are within the definition of a "Mark" under Ohio Revised Code § 4165.02(C), which includes "a combination of a word, name, symbol, or device in any form or arrangement."

100.    Shear Pawfection's use in commerce of Camp Bow Wow's CBW Cabin Doors for services that are directly competitive with and identical to the services offered by Camp Bow Wow and its franchisees, and without Camp Bow Wow's consent, is likely to confuse or deceive the public into believing, contrary to fact, that the unauthorized activities of Shear Pawfection are licensed, franchised, sponsored, authorized, or otherwise approved by Camp Bow Wow. Such unauthorized use of the CBW Cabin Doors violates the Ohio Deceptive Trade Practices Act, Ohio Revised Code § 4165.02.

101.    Upon information and belief, the acts of Shear Pawfection were and are being done knowingly and intentionally to cause confusion, or to cause mistake, or to deceive.

102.    Shear Pawfection's conduct has caused, and will continue to cause, Camp Bow Wow and its franchisees to suffer severe, immediate, and irreparable injury for which Camp Bow Wow has no adequate remedy at law unless Shear Pawfection is enjoined pursuant to Ohio Revised Code § 4165.03(A)(1).

103.    As a result of Shear Pawfection's willful, deliberate and malicious activities and conduct, Camp Bow Wow has been harmed and continues to be harmed. Accordingly, Camp Bow Wow is entitled to recover its actual damages pursuant to Ohio Revised Code § 4165.03(A)(2).

## EIGHTH CAUSE OF ACTION
### FEDERAL UNFAIR COMPETITION FOR THE CBW TRADE DRESS
### AGAINST SHEER PAWFECTION

104.    The allegations in the foregoing paragraphs are hereby incorporated by reference.

105.    Camp Bow Wow owns all registered and common law rights in the CBW Trade Dress.  Under 15 U.S.C. § 1115, Camp Bow Wow's registration of its trade dress on the principal register is *prima facie* evidence of its validity and of Camp Bow Wow's exclusive right to use the CBW Trade Dress in commerce.

106.    Shear Pawfection's use in commerce of Camp Bow Wow's CBW Trade Dress for services that are directly competitive with and identical to the services offered by Camp Bow Wow and its franchisees, and without Camp Bow Wow's consent, is likely to confuse or deceive the public into believing, contrary to fact, that the unauthorized activities of Shear Pawfection are licensed, franchised, sponsored, authorized, or otherwise approved by Camp Bow Wow.

107.    Upon information and belief, the acts of Shear Pawfection were and are being done knowingly and intentionally to cause confusion, or to cause mistake, or to deceive.

108.    Shear Pawfection's infringement of the CBW Trade Dress to offer services that are competitive to Camp Bow Wow and its franchisees, enables Shear Pawfection to benefit unfairly from Camp Bow Wow's reputation and success, thereby giving Shear Pawfection's services salability which they would not otherwise enjoy.

109.    Shear Pawfection's conduct and acts, as alleged above, constitute unfair competition in violation of Section 43 of the Lanham Act, 15 U.S.C. § 1125(a).

110. Shear Pawfection's conduct has caused, and will continue to cause, Camp Bow Wow and its franchisees to suffer severe, immediate, and irreparable injury for which Camp Bow Wow has no adequate remedy at law unless Shear Pawfection is enjoined pursuant to 15 U.S.C. § 1116.

111. As a result of Shear Pawfection's willful, deliberate and malicious activities and conduct, Camp Bow Wow has been harmed and continues to be harmed. Accordingly, Camp Bow Wow is entitled to recover its damages and/or Shear Pawfection's profits received as a result of those activities and conduct, treble damages, and the costs of this action pursuant to 15 U.S.C. § 1117(a).

## NINTH CAUSE OF ACTION
### FEDERAL UNFAIR COMPETITION FOR THE CBW CABIN DOORS
### AGAINST SHEAR PAWFECTION

112. The allegations in the foregoing paragraphs are hereby incorporated by reference.

113. Camp Bow Wow owns all common law rights in the CBW Cabin Doors.

114. Shear Pawfection's use in commerce of Camp Bow Wow's CBW Cabin Doors for services that are directly competitive with and identical to the services offered by Camp Bow Wow and its franchisees, and without Camp Bow Wow's consent, is likely to confuse or deceive the public into believing, contrary to fact, that the unauthorized activities of Shear Pawfection are licensed, franchised, sponsored, authorized, or otherwise approved by Camp Bow Wow.

115. Upon information and belief, the acts of Shear Pawfection were and are being done knowingly and intentionally to cause confusion, or to cause mistake, or to deceive.

116.     Shear Pawfection's infringement of the CBW Cabin Doors to offer services that are competitive to Camp Bow Wow and its franchisees, enables Shear Pawfection to benefit unfairly from Camp Bow Wow's reputation and success, thereby giving Shear Pawfection's services salability which they would not otherwise enjoy.

117.     Shear Pawfection's conduct and acts, as alleged above, constitute unfair competition in violation of Section 43 of the Lanham Act, 15 U.S.C. § 1125(a).

118.     Shear Pawfection's conduct has caused, and will continue to cause, Camp Bow Wow and its franchisees to suffer severe, immediate, and irreparable injury for which Camp Bow Wow has no adequate remedy at law unless Shear Pawfection is enjoined pursuant to 15 U.S.C. § 1116.

119.     As a result of Shear Pawfection's willful, deliberate and malicious activities and conduct, Camp Bow Wow has been harmed and continues to be harmed. Accordingly, Camp Bow Wow is entitled to recover its damages and/or Shear Pawfection's profits received as a result of those activities and conduct, treble damages, and the costs of this action pursuant to 15 U.S.C. § 1117(a).

## TENTH CAUSE OF ACTION
### COMMON LAW TRADE DRESS INFRINGEMENT OF THE CBW TRADE DRESS AGAINST SHEER PAWFECTION

120.     The allegations the foregoing paragraphs are hereby incorporated by reference.

121.     Shear Pawfection's use of Camp Bow Wow's CBW Trade Dress constitutes trade dress infringement under the common law of the State of Ohio.

122.     Upon information and belief, the acts of Shear Pawfection were and are being done knowingly and intentionally to cause confusion, or to cause mistake, or to deceive.

27

123.     Camp Bow Wow has been and will continued to be damaged as a result of Shear Pawfection's infringement.

124.     Shear Pawfection's conduct and acts, as alleged above, will continue to cause irreparable harm to Camp Bow Wow unless enjoined by this Court.

### ELEVENTH CAUSE OF ACTION
### COMMON LAW TRADE DRESS INFRINGEMENT OF THE CBW CABIN DOORS AGAINST SHEER PAWFECTION

125.     The allegations the foregoing paragraphs are hereby incorporated by reference.

126.     Shear Pawfection's use of Camp Bow Wow's CBW Cabin Doors constitutes trade dress infringement under the common law of the State of Ohio.

127.     Upon information and belief, the acts of Shear Pawfection were and are being done knowingly and intentionally to cause confusion, or to cause mistake, or to deceive.

128.     Camp Bow Wow has been and will continued to be damaged as a result of Shear Pawfection's infringement.

129.     Shear Pawfection's conduct and acts, as alleged above, will continue to cause irreparable harm to Camp Bow Wow unless enjoined by this Court.

**WHEREFORE**, Camp Bow Wow respectfully prays for judgment against Defendants' as follows:

A.     In favor of Camp Bow Wow against the Defendants on all claims;

B.     Preliminarily and permanently enjoin and restrain each such Defendant against continued infringement of the CBW Trade Dress;

28

C.      Preliminarily and permanently enjoin and restrain each such Defendant against continued infringement of the CBW Cabin Doors;

D.      Preliminarily and permanently enjoin and restrain each such Defendant against continued infringement of the CBW Cabin Doors Design Patents;

E.      Award Camp Bow Wow damages adequate to compensate for Defendants' infringement of the CBW Cabin Doors Design Patents, but in no event less than a reasonable royalty, together with interest and costs as fixed by the Court;

F.      Order an accounting for Camp Bow Wow's damages and/or Defendants' profits derived from and/or related to Defendants' infringement of the CBW Trade Dress;

G.      Order an accounting for Camp Bow Wow's damages and/or Defendants' profits derived from and/or related to Defendants' infringement of the CBW Cabin Doors;

H.      Order an accounting for Camp Bow Wow's damages and/or Defendants' profits derived from and/or related to Defendants' infringement of the CBW Cabin Doors Design Patents;

I.      Order an accounting for Camp Bow Wow's damages as a measure of Defendants' profits derived from Defendants' unjust enrichment;

J.      Order an assessment of interest and costs against Defendants;

K.      Find this to be an exceptional case and to award reasonable attorneys' fees to Camp Bow Wow;

L.      Find that Defendants' infringement was intentional and thus treble damages and attorneys' fees are appropriate; and

M.      Award Camp Bow Wow such other relief as the Court may deem just and proper.

## JURY DEMAND

Pursuant to Fed. R. Civ. P. 38(b), Camp Bow Wow demands a trial by jury for all

claims to triable.

Dated:  December 10, 2020            Respectfully submitted,

*/s/April L. Besl*
April L. Besl (Ohio Bar No. 0082542)
Jaci L. Overmann (Ohio Bar No. 0089306)
Liane H. Rousseau (Ohio Bar No. 0093435)
DINSMORE & SHOHL, LLP
255 E. Fifth Street, Suite 1900
Cincinnati, OH 45202
Phone: (513) 977-8200
Fax:   (513) 977-8141
Email: april.besl@dinsmore.com
      jaci.overmann@dinsmore.com
      liane.rousseau@dinsmore.com

**Counsel for Camp Bow Wow**